# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION TO AMEND** |
| | ) | **ORDER SETTING CONDITIONS OF** |
| vs. | ) | **RELEASE** |
| | ) | |
| Randi Christine Abarca, | ) | Case No. 1:20-cr-078 |
| | ) | |
| Defendant. | ) | |

On motion by Defendant, the court issued an order on December 7, 2022, conditionally releasing Defendant to Hope Manor in Bismarck, North Dakota. (Doc. No. 218).

On March 14, 2023, Defendant filed a motion requesting the court to modify its December 7, 2022, order to permit her to transition out of Hope Manor and into her own residence. (Doc. No. 233). She asserts that she cannot contribute financially to her family while living at Hope Manor and that she will be able to work more hours and by extension provide more financial assistance to her family if she is allowed to live independently.

The court appreciates Defendant's desire to contribute more financially to her family. The court hopes that Defendant can appreciate that her continued sobriety and her ability to manage her addiction is of paramount importance. If Defendant wants to provide for her family long term, she must take care of herself. Thus, it is in Defendant's best interest to remain at Hope Manor and continue to participate in its programing.

In any event, having consulted with the Pretrial Services Office, the court is disinclined to release Defendant to her own residence. First, there have been no material changes in Defendant's circumstances to warrant revisiting her release conditions. Second, Defendant has only been at

1

Hope Manor for three months. Defendant presumably learned when applying for admission to Hope Manor that it recommends that individuals stay for at least nine months. And it was the court's expectation when releasing Defendant to Hope Manor that she would follow this recommendation. Third, Hope Manor provides a level of structure, community, and accountability that Defendant requires given her history and that independent living lacks. Fourth, Defendant's assertion that her current living arrangements preclude her from contributing financially to her family is specious. Defendant is, by her own admission, currently employed. Defendant could perhaps work more hours if allowed to live independently. However, any additional income that Defendant stands to earn by working more hours would likely be offset by her increased cost of living. Defendants' motion (Doc. No. 233) is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated this 23rd day of March, 2023.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court